PORT READING BUILDERS, INC., A NEW JERSEY CORPO-
RATION, PLAINTIFF-RESPONDENT, v. AUGUST KRO-
NENBERG AND HELEN KRONENBERG, DEFENDANTS-
APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued December 19, 1960—Decided January 19, 1961.

Before Judges GOLDMANN, FOLEY and MINTZ.

*Mr. Sam Weiss* argued the cause for plaintiff-respondent (*Mr. W. Howard Fullerton,* attorney).

*Mr. Seymour Feingold* argued the cause for defendants-appellants (*Mr. Samuel Kaplan,* attorney).

The opinion of the court was delivered by

MINTZ, J. S. C. (temporarily assigned). Defendants appeal from a judgment for possession entered in favor of plaintiff in the Middlesex County District Court. Defendants operate a tavern on plaintiff's premises under a lease. Plaintiff sought to terminate the lease and obtain possession by virtue of *R. S.* 33 :1–54, alleging that the defendants-lessees pleaded *non vult* to a breach of Rules 6 and 7 of State Regulation No. 20 promulgated by the Director of the Division of Alcoholic Beverage Control. These rules prohibit lotteries or pools on licensed premises.

*R. S.* 33 :1–54 provides:

"Any violation of this chapter upon any leased premises by any lessee or sublessee, or by any other person with the knowledge and consent of the lessee, or sublessee, shall, at the option of lessor, immediate or remote, upon five days' written notice to such lessee or sublessee of the exercise of such option and the cause therefor, cause the term of the lease forthwith, at the expiration of such five days, to cease and come to an end, and the right to possession of the leased premises shall thereupon revert to the lessor, together with

such further rights in the lessor as may be reserved to him by the terms of said lease or by law, or by both, noncompliance with this chapter and the exercise of lessor's option being a limitation upon the term of the lease. The lessor may enforce his right of possession hereunder by summary proceedings as for term ended, as prescribed by article 5 of chapter 58 of the title Administration of Civil and Criminal Justice (§ 2:58-16 *et seq.*). This section shall not affect any lease made and entered into prior to the sixth day of December, one thousand nine hundred and thirty-three."

The case is submitted to us on an "Agreed Statement in Lieu of Record" pursuant to *R. R.* 1:6-2. The only questions raised on this appeal are the following:

"1. Does the breach of a *Rule* or *Regulation* promulgated by the director of the Alcoholic Beverage Control give the landlord the legal right to bring a summary proceeding for possession and obtain said possession of the leased tavern?

2. Is a breach of a *Rule* or *Regulation* the same as a violation of the *Alcoholic Beverage Chapter?*

3. Does a mere violation of a Rule promulgated by the Director confer jurisdiction upon the County District Court to hear a summary proceeding for possession?"

Essentially, the single issue is whether or not the violation of a rule and regulation of the Division of Alcoholic Beverage Control constitutes "any violation of this chapter" within the purview of *R. S.* 33:1–54 so as to entitle the lessor to a judgment for possession in summary proceedings.

*N. J. S. A.* 33:1–39 empowers the Director of the Division to make such general rules and regulations "as may be necessary for the proper regulation and control of the manufacture, sale and distribution of alcoholic beverages and the enforcement of this chapter * * *." Hence, it is urged that the rules and regulations are effectively incorporated in the chapter, and have the effect of law. *State v. Atlantic City Electric Co.,* 23 *N. J.* 259 (1957). This can be conceded but it sheds no light on the problem before us. That the regulations are effective and must be obeyed is not questioned here. What is in issue is whether the statute should be construed as if it read "Any violation of this

chapter *or of the rules and regulations * * *."* We examine the statute in an effort to ascertain the legislative intent.

The primary enforcement provisions of the Alcoholic Beverage Law are set forth in *N. J. S. A.* 33:1–31. Originally enacted by *L.* 1933, *c.* 436, it lists the causes for which the Director or other issuing authority may suspend or revoke a license. Among them are the following:

Clause (a) for "Violation of any of the provisions of this chapter."
Clause (g) for "Any violation of rules and regulations."

The very same section provides for the refund of a portion of a license fee upon a voluntary surrender of a license "provided, that such licensee shall not have committed any violation of this chapter or of any rule or regulation * * *." Thus, the Legislature in these instances distinguished between the violation of the chapter and the violation of a rule or regulation. *R. S.* 33:1–54 and *N. J. S. A.* 33:1–31 were simultaneously enacted by *L.* 1933, *c.* 436, as part of one legislative scheme. Under *section* 54 an option is afforded the lessor to terminate a tenancy for "any violation of this chapter." If the Legislature intended to extend the option to include violations of the rules and regulations of the Director, it could easily have said so.

█ A violation of the Alcoholic Beverage Law is a criminal offense. *R. S.* 33:1–50, 51 and 52 deal with violations "of this chapter" and with aiding such violations. *R. S.* 33:1–53 deals with the conviction and penalty of second offenders "under this chapter." Disciplinary proceedings for violations of the rules and regulations and for the revocation or suspension of licenses are civil, not criminal, in nature. *Butler Oak Tavern v. Division of Alcoholic Beverage Control,* 20 *N. J.* 373, 378 (1956). The Director may not make that a crime by his rules and regulations which is not so denominated by the statute. *The Panda v. Driscoll,* 135 *N. J. L.* 164 (*E. & A.* 1947). Thus a violation of the

Division's rules and regulations is not in legal effect a violation of the act itself. The consequences are obviously different.

██ Termination of a lease is a harsh penalty. Since the cited statutory provision works a forfeiture, it should be strictly construed. *Weeks v. Doughty,* 3 *N. J. Misc.* 544 (*Sup. Ct.* 1925). It may be urged that the Legislature intended the option to declare a termination of lease to apply where the lessee has committed a criminal offense, namely, a violation of the act. It is not reasonable to suppose that the Legislature intended that every violation of a rule, inconsequential though it might be, and although completely unrelated to the occupancy of the premises, should enable the owner of the premises to terminate the lease. For example, Rules 12 and 13 of Regulation No. 17 require attachment of undamaged transit insignia to the left side of a vehicle. A licensee might violate these rules by placing the insignia on the right side of his vehicle or by using a marred insignia. It is inconceivable that the Legislature should intend that such a violation should vest in the lessor the power to terminate the licensee's lease and terminate his business. Yet, such is the necessary result if plaintiff is to prevail.

Other factors support the conclusion that the violation of a rule or regulation does not constitute the violation of the "chapter." One is the position of *R. S.* 33 :1–54 as the last of a series of four provisions providing penalties for violation of "this chapter." This term in the first three sections clearly refers to the statute alone.

The history of *R. S.* 33 :1–54 is significant. It apparently derives from section 14 of the Prohibition Enforcement Act, *L.* 1922, *c.* 255, which provided:

"Any violation of this act upon any leased premises by any lessee, or by any employee of such lessee with the knowledge of his employer, shall, at the option of the owner or lessor, upon five days' written notice to the said lessee, work a forfeiture of the lease, and shall cause the right of possession to revert to the owner. Such right

of possession may be enforced by the owner by summary proceedings as for term ended, as prescribed by 'An act concerning landlords and tenants,' approved March twenty-seventh, one thousand eight hundred and seventy-four, and amendments thereof and supplements thereto."

The Prohibition Enforcement Act made no provision for administrative regulations; clearly by "any violation of this act" it referred only to a breach of the statutory commands. By comparing the 1922 law with the 1933 version, it is plain that the later provision was redrafted with care in an effort to prevent a violator from escaping on a technicality as well as to avoid the constitutional difficulties adverted to in *Weeks v. Doughty, supra*. In these circumstances it seems highly unlikely that the Legislature would have used language which had the established significance of referring only to statutory violations if it intended to encompass breaches of the statute and the rules.

In the case *sub judice,* the Director imposed a 15-day suspension upon the lessee for the violation. In his judgment this punishment was adequate. The plaintiff, however, seeks to inflict the death penalty on the tenant's business. We recognize this is possible in the event of a violation of a statutory provision. But the Legislature has clearly manifested an intent to apply *section* 54 to such violations which, after all, are also criminal offenses. We are mindful of the statutory direction that the Alcoholic Beverage Law is intended to be remedial of abuses inherent in liquor traffic and is to be liberally construed. *R. S.* 33:1–73. Yet we find no statutory warrant for applying the drastic sanction of *section* 54 to a violation of the rules and regulations here involved.

Reversed.